**FORM 5. Petition for Review/Notice of Appeal of an Order or Decision of an Agency, Board, Commission, Office, Bureau, or the US Court of Federal Claims (vaccine appeals only))**

Form 5
March 2023

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## PETITION FOR REVIEW/NOTICE OF APPEAL

Notice is hereby given that the petitioner(s)/appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Originating Tribunal *(Name of Agency, Board, Commission, Office, Bureau, or Court whose decision is being appealed)*: __Merit Systems Protection Board__

Case number being appealed: __DE-0752-15-0021-C-1__

Case title being appealed: __Ralph D. Arellanes, Sr. v. Department of Defense__

Date of final decision or order being appealed: __02/21/2023__

Date decision or order was received: __02/21/2023__

☑ I have attached a copy of the decision or order being appealed.

**List all Petitioners/Appellants** (List each party filing this appeal. Do not use "et al." or other abbreviations. Attach continuation pages if necessary.)

Ralph D. Arellanes, Sr.

Date: __04/21/2023__

Signature: __/s/ J. Kain Day__

Name: __J. Kain Day__

Address: __Munger, Tolles & Olson LLP__

__601 Massachusetts Ave. NW, Suite 500E__

__Washington, DC 20001__

Phone Number: __(202) 220-1142__

Email Address: __Kain.Day@mto.com__

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

RALPH D. ARELLANES, SR.,
           Appellant,

      v.

DEPARTMENT OF DEFENSE,
           Agency.

DOCKET NUMBER
DE-0752-15-0021-C-1

DATE: February 21, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>American Federation of Government Employees</u>, Albuquerque, New Mexico, for the appellant.

<u>Michelle Hernandez</u>, Albuquerque, New Mexico, for the appellant.

<u>J. Michael Sawyers</u>, Esquire, Fort Belvoir, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Vice Chairman Harris issues a separate opinion
concurring in part and dissenting in part.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement and found that the agency

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

complied with the December 7, 2015 initial decision by cancelling the appellant's removal and issuing a Standard Form 50 (SF-50) reflecting that he retired on disability.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  Except as expressly MODIFIED to address the appellant's claim for interim relief, and find that the appellant was not judicially estopped from arguing that he was ready, willing, and able to work, we AFFIRM the initial decision.

## BACKGROUND

¶2      On September 30, 2014, the agency removed the appellant from his GS-12 Database and Program Integration Specialist position for conduct unbecoming a Federal employee.  *Arellanes v. Department of Defense*, MSPB Docket No. DE-0752-15-0021-I-1, Initial Appeal File (IAF), Tab 6 at 13, 15-23.  Shortly thereafter, the appellant applied for disability retirement under the Federal Employees' Retirement System (FERS) based on his carpal tunnel, trigger finger surgeries, a broken back, and "chronic, constant, [and] excruciating pain" in his back, hands, fingers, wrists, shoulders, back, and legs.  *Arellanes v. Department of Defense*, MSPB Docket No. DE-0752-15-0021-C-1, Compliance File (CF),

Tab 4 at 22-23; *Arellanes v. Department of Defense*, MSPB Docket No. DE-0752-15-0021-C-1, Compliance Petition for Review (CPFR) File, Tab 6 at 23-24.[2]  In January 2015, the Office of Personnel Management (OPM) approved the appellant's application for disability retirement benefits with an effective date of October 1, 2014.  CF, Tab 4 at 34-35, 38.

¶3    The appellant filed a timely Board appeal challenging his removal and raising affirmative defenses of age, race, and ethnicity discrimination, failure to accommodate his disability, and reprisal for whistleblowing and equal employment opportunity (EEO) activity.  IAF, Tab 1, Tab 21 at 2.  After holding the appellant's requested hearing, the administrative judge issued an initial decision denying the appellant's affirmative defenses and affirming his removal.  IAF, Tab 9, Tab 39, Initial Decision (ID).  The appellant filed a petition for review challenging the initial decision.  *Arellanes v. Department of Defense*, MSPB Docket No. DE-0752-15-0021-I-1, Petition for Review File, Tab 1.  The Board affirmed the administrative judge's findings that the agency proved the charge and that the appellant did not prove his discrimination and EEO reprisal affirmative defenses, but found that he established a prima facie case of whistleblower reprisal by showing that he made a protected disclosure that was a contributing factor in his removal.  *Arellanes v. Department of Defense*, MSPB Docket No. DE-0752-15-0021-I-1, Remand Order (Remand Order), ¶¶ 5-7, 9-14 (Aug. 10, 2015).  Therefore, the Board remanded the appeal to adjudicate whether the agency met its burden to prove that it would have removed the appellant in the absence of his whistleblowing.  Remand Order, ¶¶ 15-18.

¶4    On remand, the administrative judge found that the agency did not meet its burden of showing by clear and convincing evidence that it would have removed

---

[2]  Although the appellant's statement of disability and his supervisor's statement accompanying his application are dated July 18, 2014, he did not submit his disability retirement application to the Office of Personnel Management until after his removal in October 2014.  CF, Tab 4 at 17-18, 22-23; CPFR File, Tab 6 at 23-24.

the appellant absent his protected disclosure. *Arellanes v. Department of Defense*, MSPB Docket No. DE-0752-15-0021-B-1, Remand File (RF), Tab 9, Remand Initial Decision (RID) at 1-2, 11. Accordingly, the administrative judge reversed the appellant's removal and ordered the agency to retroactively restore him to his former position effective September 30, 2014, and to provide him with appropriate back pay and benefits. RID at 11-12. The administrative judge also ordered the agency to provide interim relief if either party filed a petition for review. RID at 12-13. The remand initial decision became final on January 11, 2016, after neither party filed a petition for review. RID at 14.

¶5    The agency cancelled the appellant's removal and issued a new SF-50 reflecting that he retired on disability effective September 30, 2014, but took no further action to implement the relief ordered by the administrative judge. CF, Tab 4 at 12-13, 15. The appellant filed a petition for enforcement alleging that the agency failed to comply with the administrative judge's order to retroactively restore him to duty and to provide him back pay and benefits.[3] CF, Tab 1 at 7-10. The appellant also argued that the agency failed to comply with the administrative judge's order of interim relief. *Id.* at 11-12. In response, the agency asserted that, by issuing a new separation SF-50, it returned the appellant to the position he would have been in but for the removal, i.e., retired on disability. CF, Tab 4

---

[3] The appellant also alleged that the agency was in noncompliance with the administrative judge's order because it had "paid zero consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages[;] zero compensation with respect to the Whistleblower Protection Enhancement Act of 2012[;] nor the award of compensatory damages including interest, reasonable expert witness fees, and representative costs." CF, Tab 1 at 11. The administrative judge construed these allegations as a motion for damages and docketed a separate damages proceeding. *Arellanes v. Department of Defense*, MSPB Docket No. DE-0752-15-0021-P-1, Damages File (DF), Tab 2. After notifying the appellant of the applicable law and his burden of proof to establish his entitlement to damages and affording the parties an opportunity to respond, the administrative judge issued an addendum initial decision denying the appellant's request for damages. *Id.* at 2-3; DF, Tab 3. The appellant did not file a petition for review of the addendum initial decision.

at 9-10.  The agency further claimed that the appellant's status as a disability annuitant precluded him from being reinstated or awarded back pay.  *Id.*  The appellant replied he could return to work if the agency provided him reasonable accommodations and argued for the first time that the agency should restore him to his former position as a reemployed annuitant.  CF, Tab 6 at 9-10.

¶6      The administrative judge issued a compliance initial decision denying the appellant's petition for enforcement.  CF, Tab 8, Compliance Initial Decision (CID) at 1, 4.  He reasoned that the appellant was "judicially estopped from contending that he should be reinstated with back pay" because OPM "accepted [his] contention that he was disabled from performing his duties and was therefore entitled to retire on disability at the time of his separation."  CID at 2-3.  The administrative judge alternatively found that the appellant's receipt of a disability retirement annuity established that he was not ready, willing, and able to work.  CID at 3-4.

¶7      The appellant has filed a petition for review of the compliance initial decision again arguing that he is entitled to back pay and interim relief and that he should be returned to work as a reemployed annuitant because he is ready, willing, and able to return to work with a reasonable accommodation.[4]  CPFR File, Tab 1 at 3.  The agency has responded in opposition to the appellant's petition for review, and the appellant replied to the agency's response.  CPFR File, Tabs 3-4.  The Board subsequently issued an order seeking additional information regarding the appellant's eligibility for back pay, and both parties have responded.  CPFR File, Tabs 5-7, 9-10.

---

[4] In support of his contention that he is now ready, willing, and able to return to work with accommodation, the appellant has submitted for the first time on review an August 23, 2016 medical note from his personal physician.  CPFR File, Tab 1 at 11.  Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  Because the August 23, 2016 note postdates the close of the record below, we will consider it for the first time on review.

## ANALYSIS

The appellant is not entitled to interim relief.

¶8      The administrative judge did not address the appellant's claim for interim relief, which he reasserts on review.  CF, Tab 1 at 11-12; CPFR File, Tab 1 at 3.  We find that the appellant is not entitled to interim relief because neither party filed a petition for review of the remand initial decision.  5 U.S.C. § 7701(b)(2)(A); *see Laviene v. U.S. Postal Service*, 53 M.S.P.R. 238, 242 (1992) (finding that interim relief is available only if a petition for review is filed).  Because the appellant is not entitled to any interim relief, he was not prejudiced by the administrative judge's failure to address this argument below.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

The appellant is not judicially estopped from arguing that he was ready, willing, and able to work.

¶9      The administrative judge found that the appellant is judicially estopped from arguing that he was, and is, ready, willing, and able to return to work because, in granting his application for disability retirement, OPM determined that he was not able to render useful and efficient service with or without a reasonable accommodation.  CID at 2-3.  In finding judicial estoppel appropriate here, the administrative judge relied on *Tompkins v. Department of the Navy*, 80 M.S.P.R. 529, ¶ 8 (1999), in which the Board held that an appellant was judicially estopped from raising an involuntary disability retirement claim because he had sought and obtained a Board decision that he was entitled to disability retirement.  We find that *Tompkins* is distinguishable from the instant case because, unlike in *Tompkins*, the appellant has not litigated the issue of his entitlement to disability retirement benefits before the Board.  CF, Tab 4 at 17-18, 34.

¶10      Instead, we rely on *Lamberson v. Department of Veterans Affairs*, 80 M.S.P.R. 648 (1999), which the Board issued after *Tompkins*, in finding that the appellant is not judicially estopped from challenging his entitlement to

reinstatement and back pay because of his status as a disability annuitant. In *Lamberson*, the Board found that an employee's application for, or receipt of, Civil Service Retirement System (CSRS) or FERS disability retirement benefits did not judicially estop her from claiming that the agency discriminated against her on the basis of disability in imposing her removal. *Id.*, ¶¶ 15-30. It reasoned that applying judicial estoppel was inappropriate when there was no litigation surrounding the employee's application for disability retirement, as OPM's decision in that instance would improperly supplant the Board's function of determining in a fully litigated appeal of the agency's removal action whether an employee could have been accommodated. *Id.*, ¶¶ 16-17. Moreover, the Board noted that OPM's grant of disability retirement did not necessarily resolve all of the issues present in a disability discrimination claim. *Id.*, ¶ 22. Finally, the Board found that applying judicial estoppel to foreclose a disability discrimination claim that could, if proven, cause the reinstatement of an employee simply because she applied for or received disability retirement benefits would thwart Congress's intent that continuation of work with accommodation is preferred over disability retirement. *Id.*, ¶ 24. As such, the Board determined that it was necessary to review the facts of the particular case, including the employee's statements made in the retirement proceedings, to evaluate her disability discrimination claims. *Id.*, ¶¶ 18, 30.

¶11     The same considerations for declining to create an absolute procedural bar on the basis of the employee's disability retirement status in *Lamberson* are applicable here. We therefore also decline to apply judicial estoppel to preclude reinstatement and back pay.

The agency has complied with the administrative judge's order to reinstate the appellant and pay him appropriate back pay and benefits.

¶12     When the Board finds that an employee has been the victim of an unjustified or unwarranted personnel action, the goal is to return the employee to the status quo ante, i.e., to place him, as nearly as possible, in the circumstances

he would have been in had the personnel action never taken place. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984); *Paula v. Social Security Administration*, 119 M.S.P.R. 138, ¶ 18 (2013). Thus, upon finding that the appellant's removal could not be sustained, the administrative judge properly ordered the agency to cancel the appellant's removal, to reinstate him to his former position effective September 30, 2014, and to provide him the appropriate amount of back pay and benefits. RID at 11-12; *see Paula*, 119 M.S.P.R. 138, ¶ 18.

*The appellant is not entitled to back pay and benefits.*

¶13        Generally, status quo ante relief includes back pay and benefits that the appellant would have received but for the unjustified or unwarranted personnel action. 5 U.S.C. § 5596(b)(1)(A)(i); *Bartel v. Federal Aviation Administration*, 24 M.S.P.R. 560, 564-65 (1984). Consistent with OPM's regulations and the Board's case law, however, an employee is not entitled to back pay for any period of time during which he was not "ready, willing, and able" to perform his duties because of an incapacitating illness or injury, or for reasons unrelated to or not caused by the unjustified or unwarranted personnel action. *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006); 5 C.F.R. § 550.805(c). The agency bears the initial burden of proving that it has provided an appellant the appropriate amount of back pay. *King*, 100 M.S.P.R. 116, ¶ 13. When the agency produces "concrete and positive evidence, as opposed to a mere theoretical argument," that the appellant was not ready, willing, and able to work during all or part of the period during which back pay is claimed, the burden of proof shifts to the appellant to show his entitlement to back pay. *Id.* (quoting *Piccone v. United States*, 407 F.2d 866, 876 (Cl. Ct. 1969)); *see Davis v. Department of the Navy*, 50 M.S.P.R. 592, 598 (1991) (finding that, when an agency presents a "substantial basis" for questioning the

appellant's ability to work, it is incumbent upon the appellant to show that he was ready, willing, and able to work during the relevant period).

¶14    Here, the agency argues that the appellant was not ready, willing, and able to perform his duties as of September 30, 2014, because he began the process of applying for a disability retirement annuity prior to his removal and ultimately received it effective October 1, 2014.[5]  CF, Tab 4 at 4, 9-10; CPFR File, Tab 3 at 10-13.  Because entitlement to a disability retirement under FERS requires a finding by OPM that the employee is "unable, because of disease or injury, to render useful and efficient service" in his position, 5 U.S.C. § 8451(a)(1)(B), we find that the agency has put forth a substantial basis for questioning the appellant's ability to work.  Therefore, the appellant has the burden of proof to show that he was ready, willing, and able to work during the period for which he requests back pay.  *See King*, 100 M.S.P.R. 116, ¶ 13.

¶15    The Board advised the appellant of his burden in its June 23, 2017 Order on eligibility for back pay.  CPFR File, Tab 5 at 2.  In the order, the Board observed that, although the appellant submitted an August 23, 2016 note from his personal physician, stating that he is "now ready, willing and able to return to work with reasonable accommodations," the note did not explain exactly what the appellant's current or continuing medical conditions were or his prognosis.  *Id.* at 1; CPFR File, Tab 1 at 11.  The Board further noted that some record evidence suggests that the appellant was unable to perform the core functions of his job.  CPFR File, Tab 5 at 3.  Specifically, the Board identified a note written by the same physician on August 6, 2014—less than 2 months before the appellant's

---

[5] The appellant has repeatedly stated that he "officially" retired effective April 28 or 30, 2015, and that he received disability retirement annuity payments beginning that date.  CF File, Tab 6 at 5; CPFR File, Tab 1 at 3, 5, 9, Tab 4 at 9.  The record does not support this claim.  Rather, the record reflects, and the appellant appears to concede in his July 11, 2017 declaration, that OPM approved his disability retirement application in January 2015 with an effective date of October 1, 2014, and that he has received monthly disability annuity payments since that date.  CPFR File, Tab 6 at 18, Tab 9 at 30; CF, Tab 4 at 34-35, 38.

removal—stating that he "continues to have significant pain to the hands and back that do not allow him to perform his job," opining that "[f]urther treatment is unlikely to provide any significant benefit," and recommending that the appellant be "considered for medical disability." *Id.* at 4; IAF, Tab 19 at 90. Further, in the appellant's prehearing submissions, he claimed that he suffered a "serious work-related accident" and that, at the time of his removal, he was "suffering from serious disability in the form of a fractured back (compression fractures to the spine at L-2 and L-4 and carpal tunnel syndrome in both hands with multiple surgeries), as well as Trigger Finger problems." IAF, Tab 19 at 4. Accordingly, the Board ordered the parties to submit evidence detailing the appellant's medical conditions as they pertain to whether or not he was ready, willing, and able to work during the period for which he is requesting back pay; clarify the period after his separation for which he was or was not entitled to receive back pay; and provide supporting documentation.[6] *Id.* at 5.

¶16     In response, the appellant provided a sworn declaration and argument that he is entitled to back pay from September 30, 2014, to present because he "was always ready, willing, and able to continue working as long as the agency provided reasonable accommodations." CPFR File, Tab 6 at 9, 15. In addition, he submitted a June 27, 2017 note from the same physician who wrote the August 6, 2014 and August 23, 2016 notes stating that, despite his earlier recommendation that the appellant be considered for disability retirement, the appellant "continued physical therapy and continued to improve" and "essentially was ready to return to work with accommodations to his workstation without endangering the safety or health of himself or others on September 30, 2014[.]"

---

[6] The Board also ordered the parties to submit any evidence regarding the appellant's receipt of Office of Workers' Compensation Program (OWCP) benefits, which would affect the amount of back pay to which he may be entitled. CPFR File, Tab 5 at 4-5. Both parties responded with evidence showing that the appellant has not received any OWCP benefits for the period for which he is now requesting back pay. CPFR File, Tab 6 at 18, Tab 7 at 5-6.

*Id.* at 21.  The physician further states that the appellant "has been and is ready and able to perform all aspects of his job with reasonable accommodations to his workstation which would include a full ergonomic evaluation[], [speech recognition] software, an ergonomic chair and a desk that has adjustable height to allow him to sit or stand."  *Id.*

¶17    In assessing the probative weight of medical opinion, the Board considers whether the opinion was based on a medical examination, whether the opinion provided a reasoned explanation for its findings as distinct from mere conclusory assertions, the qualifications of the expert rendering the opinion, and the extent and duration of the expert's familiarity with the appellant's treatment.  *Wren v. Department of the Army*, 121 M.S.P.R. 28, ¶ 9 (2014).  We find the June 27, 2017 opinion by the appellant's physician that he could have performed his duties as of September 30, 2014, is entitled to little weight because it does not reflect that the physician has examined the appellant since August 2014, states no clinical findings, and provides little in the way of a reasoned explanation for the appellant's improvement other than his "continued physical therapy."  CPFR File, Tab 6 at 21.  Further, it conflicts with the same physician's August 6, 2014 note stating that the appellant's conditions "do not allow him to perform his job" and his August 23, 2016 note stating that the appellant "was disabled" but is "*now* ready, willing and able to return to work with reasonable accommodations."  IAF, Tab 19 at 90; CPFR File, Tab 1 at 11 (emphasis added), Tab 6 at 21; *Wren*, 121 M.S.P.R. 28, ¶¶ 9-11 (finding that a bare medical opinion without a discussion of its basis did not outweigh the great weight of other, consistent reports completed over a 2 year period).  In addition, we find that the June 27, 2017 note is entitled to little weight because it is retrospective and opines on the appellant's ability to work more than 2 years earlier, whereas the other notes pertain to the appellant's contemporaneous ability to work.  *See Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 24 (2016) (finding that an administrative judge appropriately assigned greater weight to statements

completed closer in time to the events in question).  We find the physician's August 6, 2014 note—based on his contemporaneous observation and treatment of the appellant—to be the most probative of the appellant's ability to work as of September 30, 2014.  IAF, Tab 19 at 90.  In addition to specifically stating that the appellant's medical conditions precluded him from performing his job, the August 6, 2014 note enumerates the conditions for which the appellant was being treated, including bilateral hand pain, carpal tunnel, lumbar radiculopathy, and lumbar disc disease, and explained that the appellant continued to have "significant pain to the hands and back" and that further treatment was unlikely to provide any significant benefit.  *Id.*

¶18      We also find unpersuasive the appellant's sworn declaration stating that he was ready, willing, and able to return to work as of September 30, 2014, so long as the agency provided him certain accommodations because it is inconsistent with his prior statements.  *See Elder*, 124 M.S.P.R. 12, ¶ 24; *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 459 (1987) (discussing factors relevant to determining credibility, including whether a witness has made prior inconsistent statements).  In particular, the appellant stated in a July 2014 email that his "hands and back have gotten much worse," his "back pain has elevated to an excruciating level where [he] can hardly concentrate," and that he had "a broken back in two places, which is causing headaches, numbness to [his] legs and lower back, lack of proper sleep and rest, and any kind of movement is painful."  IAF, Tab 17 at 79-80.  In his July 18, 2014 statement of disability, he asserted that his "chronic, constant, [and] excruciating pain from [his] broken back, hands, fingers, wrists, and shoulders" interfered with performance of his duties, attendance, or conduct; that he could not type due to "severe carpal tunnel [and] trigger finger surgeries"; and that he had a "broken back in two places and suffer[ed] from chronic pain to [his] back and legs."  CPFR File, Tab 6 at 23.  The appellant's sworn statement is also inconsistent with the August 6, 2014 statement by his physician and is further discredited by the fact that he began his application for

disability retirement in July 2014, submitted it in October 2014, and has been receiving a disability retirement annuity through, at least, the date of his July 11, 2017 response to the Board's order on his eligibility for back pay. *Id.* 18, 23-24; CF, Tab 4 at 17-18, 22-23, 34-35, 38.

¶19     We further find no merit to the appellant's contention that speech recognition software and an ergonomic workstation would have rendered him ready, willing, and able to perform his duties as of September 30, 2014. The record reflects that the appellant requested these reasonable accommodations in June and July 2014; that in July 2014, the agency provided him with speech recognition software and asked for additional paperwork to facilitate the ergonomic assessment; and that, although his requested reasonable accommodations were apparently provided or in process, he nonetheless began his application for disability retirement in July 2014, indicating that the agency had been unable to grant his requested reasonable accommodations but were "working on the ergonomic assessment."[7]  CPFR File, Tab 6 at 23; CF, Tab 4 at 17-18, 22-23; IAF, Tab 17 at 74, 76, 78-79, 82-85, Tab 18 at 26, 35-36.  In addition, the appellant has not explained, and we fail to see, how speech recognition software and an ergonomic workstation would have allowed him to perform his duties in light of his self-described "chronic, constant, [and] excruciating pain from [his] broken back, hands, fingers, wrists, and shoulders."[8]  CPFR File, Tab 6 at 23; *cf. Clemens v. Department of the Army*, [120 M.S.P.R.

_____

[7] According to the appellant, the agency failed to provide him a microphone for the speech recognition software "for several weeks" and provided him "no training" on how to use it.  CPFR File, Tab 6 at 16-17.  A memorandum contained in the record reflects, however, that the appellant was provided a tutorial for the software but that, as of July 24, 2014, he had not reviewed it.  IAF, Tab 17 at 84.

[8] In the merits proceeding, the administrative judge found that the appellant failed to establish that there existed any particular reasonable accommodation that the agency denied or negligently failed to give him at any particular time that led to his removal for conduct unbecoming a Federal employee.  ID at 28-29.  The Board affirmed this finding, Remand Order, ¶ 9, and neither party challenged it.

616, ¶ 17 (2014) (explaining that an appellant alleging a denial of reasonable accommodation has a burden of proving the existence of such an accommodation). Therefore, we find that the appellant has not met his burden to show that he was ready, willing, and able to perform his duties as of September 30, 2014, even with his requested accommodations.

¶20     In the alternative, the appellant's physician appeared to state that he was ready, willing, and able to return to work as of August 23, 2016. CPFR File, Tab 1 at 11. Specifically, the August 23, 2016 note provides, in its entirety, as follows:

> [The appellant] was disabled and medically retired due to carpal tunnel syndrome, degenerative disc disease of the lumbar spine, and lumbar radiculopathy.
>
> He has since undergone intense physical therapy, massage therapy and proper medical treatment for his injuries. Given his current medical condition, he is now ready, willing and able to return to work with reasonable accommodations which include: [speech recognition software], ergonomic chair and adjustable work station that allow him to sit and stand.

*Id.* Although this note opines on the appellant's contemporaneous ability to work and does not necessarily conflict with the physician's earlier note or other record evidence from 2014, we find that it is insufficient on its own to establish the appellant's entitlement to back pay as of August 23, 2016. The appellant has not submitted any documentation of the "proper medical treatment" and "physical therapy" referenced by his physician or any other evidence substantiating the claim that he had improved as of August 23, 2016. Further, as discussed above, the appellant's physician has not stated that he personally examined the appellant or provided any clinical findings or contemporaneous treatment notes. *See Wren*, 121 M.S.P.R. 28, ¶ 9. Moreover, in light of the appellant's physician's inconsistent statements regarding the appellant's ability to perform his duties, we find that there is reason to doubt the truthfulness of his statements. *See Hillen*, 35 M.S.P.R. at 459; IAF, Tab 19 at 90; CPFR File, Tab 1 at 11, Tab 6 at 21.

Therefore, absent any supporting evidence, we decline to credit the appellant's physician's opinion that the appellant was ready, willing, and able to perform his duties as of August 23, 2016, with or without a reasonable accommodation.

¶21      In sum, although the appellant was given an opportunity to show that he was ready, willing, and able to perform the duties of his prior position for the period for which he requests back pay, his submissions fail to resolve the conflicts between his prior statements and other record evidence showing that he was not ready, willing, and able to perform the duties of his prior position at the time of his removal or since. Therefore, we find that he has not established his entitlement to back pay for this period and conclude that the agency is in compliance with the administrative judge's order to provide the appellant with appropriate back pay and benefits.

> *The agency has complied with the administrative judge's order to reinstate the appellant to his former position.*

¶22      Generally, to be in compliance with a Board order to reinstate an employee, an agency must return the employee to his former position. *Miller v. Department of the Army*, 109 M.S.P.R. 41, ¶ 11 (2008). If the agency does not return the employee to his former position, it must show that (1) it has a strong overriding interest or compelling reason requiring reassignment to a different position, and (2) it has reassigned the employee to a position that is substantially similar in scope and status to his former position. *Id.*; *Taylor v. Department of the Treasury*, 43 M.S.P.R. 221, 224-25 (1990).

¶23      Here, the agency did not reinstate the appellant to his position following the Board's final decision reversing the removal. The agency did cancel the removal effective September 30, 2014, CF, Tab 4 at 12, thereby retroactively reinstating the appellant to his position. However, because the appellant began receiving disability retirement benefits effective October 1, 2014, based on OPM's determination that he was unable to render useful and efficient service in his position with or without accommodation, the agency retroactively separated the

appellant by disability retirement effective September 30, 2014. *Id.* at 13. In light of OPM's grant of disability retirement benefits effective October 1, 2014, and our finding that the appellant failed to establish he was ready, willing, and able to work at any point following his removal, we find that there is no further relief the agency can provide under the unique circumstances of this case. The cancellation of the appellant's removal does not require the agency to also reverse an intervening separation. *See Washington v. Tennessee Valley Authority*, 22 M.S.P.R. 377, 379-80 (where an employee would have been properly subject to separation by reduction in force (RIF) if he had not been previously removed for cause, the agency had authority to retroactively separate the employee by RIF after the Board ordered it to rescind the removal action), *aff'd*, 770 F.2d 180 (Fed.Cir.1985) (Table). Accordingly, we affirm the compliance initial decision as modified by this Final Order.[9]

### NOTICE OF APPEAL RIGHTS[10]

The compliance initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the

---

[9] The Board's decision in *Paula*, 119 M.S.P.R. 138, is distinguishable from this case. *Paula* involved an immediate retirement under 5 U.S.C. § 8336(c). 119 M.S.P.R. 138, ¶ 3. Thus, the Board was not faced with the question presented here, which is the nature of the relief available when an appellant has retired on disability. In addition, the appellant in *Paula* retired on the same date his removal would have taken effect "solely due to the agency's final decision to remove him." 119 M.S.P.R. 138, ¶¶ 3, 17. Here, there is no comparable finding that this appellant retired on disability shortly after his removal solely due to the agency's final decision to remove him. Rather, as set forth above, he was unable, because of disease or injury, to render useful and efficient service in his position, and otherwise not ready, willing, and able to work.

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7702</u>(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must <u>receive</u> your

---

[11]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                            _____
                            Jennifer Everling
                            Acting Clerk of the Board
Washington, D.C.

<u>SEPARATE OPINION OF VICE CHAIRMAN CATHY A. HARRIS,
CONCURRING IN PART AND DISSENTING IN PART</u>

in

*Ralph D. Arellanes, Sr. v. Department of Defense*

MSPB Docket No. DE-0752-15-0021-C-1

¶1        For the reasons set forth below, I dissent from the majority opinion in this case.  Upon finding that the appellant's removal could not be sustained, the administrative judge properly ordered the agency to cancel the appellant's removal, reinstate him to his former position effective September 30, 2014, and provide him the appropriate amount of back pay and benefits.  *Arellanes v. Department of Defense*, MSPB Docket No. DE-0752-15-0021-B-1, Remand File, Tab 9, Remand Initial Decision.  The majority opinion finds, nonetheless, that the appellant is not entitled to back pay and benefits and that the agency has complied with the administrative judge's order to reinstate the appellant to his position.

¶2        I agree with the majority that the appellant is not entitled to back pay and benefits for the period since his removal because he has not met his burden to show that he was ready, willing, and able to perform the duties of his prior position.  However, I disagree that the agency is in compliance with the administrative judge's order to reinstate the appellant to his former position.

¶3        The agency bears the burden to prove its compliance with the Board's order.  *Paula v. Social Security Administration*, <u>119 M.S.P.R. 138</u>, ¶ 19 (2013).  Generally, to be in compliance with a Board order to reinstate an employee, an agency must return the employee to his former position.  *Miller v. Department of the Army*, <u>109 M.S.P.R. 41</u>, ¶ 11 (2008).  If the agency does not return the employee to his former position, it must show that (1) it has a strong overriding interest or compelling reason requiring reassignment to a different position, and

(2) it has reassigned the employee to a position that is substantially similar in scope and status to his former position.  *Id.*

¶4      Here, as the majority opinion concedes, the agency did not reinstate the appellant to his position following the Board's final decision reversing the removal.  Indeed, the agency has not reinstated the appellant to *any* position.  Nor has the agency presented any "strong and overriding interest or compelling reason" as to why it cannot return the appellant to his former position.

¶5      In determining the relief available to the appellant, the majority relies on the agency's issuance of a Standard Form 50 cancelling the removal effective September 30, 2014, and the fact that the appellant began receiving disability retirement benefits effective October 1, 2014.   However, the record reflects that the appellant applied for, and received, a disability retirement only after the agency imposed his removal.  The majority's reliance on the appellant's disability retirement status in determining the relief available to the appellant is contrary to statute.

¶6      Under 5 U.S.C. § 7701(j), an appellant's "status under any retirement system established by or under Federal statute[,] [or] any election made . . . under such system may [not] be taken into account" in determining the appealability of "any case involving a removal from the service."   The Board has found that section 7701(j) prevents it from considering an appellant's election of an immediate retirement annuity in determining the remedy available to the appellant.  *Paula*, 119 M.S.P.R. 138, ¶¶ 3, 11-16.  In *Paula*, the Board considered and rejected the agency's argument that the legislative history of section 7701(j) evinces only an intent to permit employees to "pursue a 'clean record' through the appeal process," rather than to obtain full reinstatement and back pay.  *Id.*, ¶15.  The Board found that neither the legislative history related to this amendment, nor relevant U.S. Court of Appeals for the Federal Circuit precedent, limited the scope of relief available to a retired employee who prevails on his removal claim.  The Board in *Paula* ultimately found that the agency was

noncompliant because, while it had canceled the appellant's removal, it had neither reinstated him nor paid him back pay or benefits. *Id.*, ¶19. As such, I disagree with the majority that *Paula* is distinguishable from the instant case. The statute refers to "any retirement system" and therefore the fact that the appellant received a disability retirement in this case should not matter. Thus, the Board in the instant case cannot rely upon the appellant's retirement status in determining the scope of relief available to him in his removal appeal.

¶7    I appreciate the majority's concerns about restoring an appellant to his position when he is not ready, willing and able to work. However, it is the agency's burden to show that it had a strong overriding interest or compelling reason to reassign the appellant to a different position if it could not return him to his former position—a burden the agency has failed to meet here. If the agency was concerned about the appellant returning to his former position, it could have reassigned him to another position. The appellant's entitlement to disability retirement was specific to his former position and would not have precluded the agency from considering other positions. *See Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 20 (2012) (finding that the ultimate question is whether an employee's medical impairments preclude her from rendering useful and efficient service in her position). In sum, the burden of establishing compliance with the Board's order is on the agency, and the agency has failed to meet this burden under the circumstances. For these reasons, I respectfully dissent.


/s/ _____
Cathy A. Harris
Vice Chairman